

FILED
2011 Nov-16 PM 03:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **CHERYL LEGGS HAMILTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Civil Action No. CV-10-S-3621-NE** |
| ) | |
| **COFFEE HEALTH GROUP,** *et al.*, ) ) ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on defendants' motion to quash the document request portions of subpoenas issued to three of the defendants.[1] Defendants' motion to dismiss is also under consideration.[2] For the reasons stated herein, both motions are due to be granted.

## I. BACKGROUND

Plaintiff, acting *pro se*, initiated this action on December 29, 2010.[3] In her complaint, she asserts claims for discrimination on the bases of race and age, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*.

---

[1] Doc. no. 21.

[2] Doc. no. 6.

[3] Doc. no. 1 (Complaint).

("ADEA").[4]  Plaintiff named five defendants in her complaint:  her former employer, Coffee Health Group ("CHG"),[5] and four CHG employees, Dave Davis, Diane Myrick, Cheryl Lee, and Melinda England.[6]  Prior to filing her complaint, plaintiff brought a charge with the Equal Employment Opportunity Commission ("EEOC").[7] The EEOC charge alleged that she was reprimanded, disciplined, and ultimately terminated on the basis of her race and age.[8]  The EEOC was unable to conclude whether the information in the charge established a statutory violation, and closed the file.[9]  Plaintiff's complaint contained the assertions included in her EEOC charge, along with the additional claim that she "was removed from being the hospital cashier and that position was given to a white clerk . . . ."[10]  On April 26, 2011, defendants moved to have dismissed from the action the four individual defendants and any

---

[4] *Id. See also* doc. no. 6, at 2 ("Plaintiff . . . does not list separate counts or claims. Nonetheless, Plaintiff's allegations make it clear that Plaintiff asserts two types of claims:  . . . race discrimination in violation of Title VII . . . and age discrimination in violation of [ADEA] . . . .").

[5] Defendants note that "Coffee Health Group" should actually be identified as "The Health Care Authority of Lauderdale County and the City of Florence, Alabama d/b/a Coffee Health Group," and that it is now known as "Regional Care Hospital." *See, e.g.*, doc. no. 6, at 1.  The court will follow the parties' practice of abbreviating that defendant's name as CHG.

[6] Doc. no. 1, at 1.  The complaint, which consists of the general complaint form for *pro se* litigants and attached typewritten pages, is sporadically paginated.  The court will use the file stamp page numbers in citing the complaint.

[7] *See id.* at 8-10 (EEOC documents incorporated into complaint).

[8] *Id.* at 9.

[9] *Id.* at 8.

[10] *Id.* at 4.

discrimination claim based on plaintiff's alleged removal from her cashier position.[11] Plaintiff then retained counsel.[12] On June 27, 2011, plaintiff filed her response to defendant's motion to dismiss, in which she conceded that the individual defendants and any claim based on plaintiff's alleged removal from the cashier position are due to be dismissed.[13]

On October 20, 2011, plaintiff served document requests on defendant CHG.[14] The parties then agreed to a schedule of depositions. Plaintiff was deposed on November 11, 2011. The parties had previously agreed that defendants Dave Davis and Diane Myrick were to be deposed on November 16, and defendant Cheryl Lee's deposition was scheduled for November 18.[15] On November 10, the day before her own deposition, plaintiff served Davis, Myrick, and Lee with subpoenas.[16] Those subpoenas directed those three defendants to appear at their depositions (as already agreed to by the parties' counsel) and to produce the CHG personnel files of five individuals.[17] On Sunday, November 13, plaintiff served the same three defendants

---

[11] Doc. no. 6.

[12] *See* doc. no. 11 (Notice of Appearance by Michael L. Weathers).

[13] Doc. no. 14, at 1-2.

[14] Doc. no. 21, at 3. Defendants' responses to those requests are due on November 22, 2011.

[15] *Id.*

[16] *See id.* at Ex. C (Subpoenas).

[17] *Id.* The requested personnel files were those of plaintiff, defendant Melinda England, and three non-parties, *viz.* Rose Hall, Shirley Cross, and Carlette Robinson. The relevance of the personnel files of the non-parties is unclear.

with supplemental subpoenas, directing them to produce the personnel files of nine additional people.[18]  On November 14, defendants' counsel notified plaintiff's counsel of defendants' objections to the subpoenas.[19]  Plaintiff's counsel responded that those objections were not "well taken" and stated that defendants' counsel could object to the document requests in the subpoenas during the depositions.[20]  The parties agreed to continue with the depositions as scheduled.[21]  On the afternoon of November 15, 2011, defendants filed a motion to quash the document request portions of the subpoenas.[22]

## II. DISCUSSION

**A.    Motion to Quash**

Rule 45 gives the court discretion to quash or modify a subpoena for any one or more of four reasons.  Fed. R. Civ. P. 45(c)(3)(A).  Among those reasons are that a subpoena "fails to allow a reasonable time to comply" and that it "subjects a person to an undue burden."  *Id.* 45(c)(3)(A)(i), (iv).  Defendants object to the document

---

[18] *See id.* at Ex. D (Supplemental Subpoenas).  The requested additional personnel files were those of nine non-parties:  Karen Greenhill, Marty Chesney, Lindsey Gardner, Lindsey Cash, Sheila Hubbard, Beth Holt, "B.G.," Gayle Burgess, and "Baily _____."  As with the non-parties named in the first round of subpoenas, it is unclear why plaintiff sought the personnel files of these nine employees.

[19] *Id.* at Ex. A (Letter of Defendants' Counsel).

[20] Doc. no. 21, at Ex. B (Email Exchange), at 2.

[21] *Id.* at 1.

[22] *Id.*

4

requests in the subpoenas on five grounds: (1) that any documents sought from Myrick, Davis, and Lee, parties to the action, must be sought pursuant to Rule 34 document requests; (2) that personnel files of employees of CHG must be sought by Rule 34 document requests directed to CHG; (3) that the subpoenas are improper under Rule 45 because there was not a reasonable time for compliance; (4) that the requests are overly broad, not reasonably calculated to lead to discovery of admissible evidence, and seek confidential information related to non-parties; and (5) that the subpoenas disregard the requirements of Rule 45 in an attempt to circumvent the requirements of Rule 34.[23]

Defendants first argue that by requesting documents of Myrick, Davis, and Lee via subpoena, plaintiff is not complying with the requirements of Rule 34 or Rule 45. They cite several cases in which courts have noted the distinction between Rule 34, pertaining to parties, and Rule 45, pertaining to non-parties. *See, e.g.*, *Brickerhoff v. Town of Paradise*, No. CIV. S-10-0023 MCE GGH, 2010 WL 4806966, at *7 (E.D. Cal. Nov. 18, 2010) (discussing the applicability of Rule 34 to parties only, and Rule 45 specifically to non-parties). Defendants also note that Rule 34 itself states that Rule 45 is the proper way to obtain documents from *non-parties*. Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents

---

[23] *Id.* at 4.

. . . ."). Additionally, defendants argue that Davis, Myrick, and Lee cannot be compelled to produce documents that are property of their employer, regardless of their status as management-level employees. However, given plaintiff's acknowledgment that the individual defendants are due to be dismissed,[24] plaintiff may have been within reason in proceeding as if they were non-parties. It is also unclear whom CHG would have designated as its representatives under Rule 30(b)(6), had plaintiff served a subpoena on CHG.[25] Accordingly, the court will not base its conclusion on the different applications of Rules 34 and 45 alone.

Defendants' strongest argument in support of their motion to quash is the lack of reasonable time Davis, Myrick, and Lee were given to comply with the subpoenas. The depositions of Davis and Myrick were scheduled for Wednesday, November 16.[26] The initial subpoenas, issued on Thursday, November 10, gave only six days' total notice, including a weekend and a federal holiday. The additional subpoenas, issued on Sunday, November 13, gave three days' total notice. Lee, whose deposition is scheduled for Friday, November 18, thus had eight and five days' notice, respectively. Such notice is unreasonably short. *See Hernandez v. City of Corpus Christi*, No. C-

---

[24] *See* part II(B), *infra*.

[25] These uncertainties would likely have been avoided had the depositions been scheduled on a date following CHG's deadline to comply with plaintiff's Rule 34 request for documents.

[26] Doc. no. 21, at 3.

6

10-186, 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011) (finding ten days' notice unreasonable); *Fox v. Traverse City Area Public Schools Bd. of Educ.*, No. 1:07-cv-956, 2009 WL 724001, at *1 (W.D. Mich. March 10, 2009) (finding four days' notice, including a weekend, unreasonable); *United States v. Phillip Morris, Inc.*, 312 F. Supp. 2d 27, 36-37 (D.C.C. 2004) (finding three business days unreasonable); *In re Stratosphere Corp. Securities Litigation*, 183 F.R.D. 684, 687 (D. Nev. 1997) (finding six days unreasonable); *United States v. Woods*, 931 F. Supp. 433, 442 n.3 (E.D. Va. 1996) (finding seven days unreasonable). Accordingly, the motion to quash is due to be granted.

**B.     Motion to Dismiss**

A claim cannot proceed if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Courts only have subject matter jurisdiction over Title VII and ADEA claims where the defendant meets the definition of an "employer." *Wascura v. Carver*, 169 F.3d 683, 685 (11th Cir. 1999) (citing *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1359 (11th Cir. 1994)); *see also Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996). It is well-settled law that individuals are not considered "employers" under Title VII or the ADEA. *Mason*, 82 F. 3d at 1009 ("This Circuit has previously held that there is no individual responsibility under either of those Acts."). Accordingly, plaintiff agrees that the individual defendants, *viz.* Davis,

7

Myrick, Lee, and Melinda England, are due to be dismissed from this action.[27]

It is also well-settled law that a plaintiff bringing a Title VII claim must first exhaust her administrative remedies. *Wilkerson v. Grinnel Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (citing *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999). To do so, a plaintiff must file a charge of discrimination with the EEOC. *Id.* (citing 42 U.S.C. § 2000e-5(b); *Alexander v. Fulton County*, 207 F.3d 1303, 1332 (11th Cir. 2000) *overruled on other grounds* by *Manders v. Lee*, 338 F.3d 1304, (11th Cir. 2003) (*en banc*)). A plaintiff must generally do so within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). If a plaintiff fails to file before this time elapses, her claim is untimely and cannot form the basis of a Title VII claim. *Alexander*, 207 F.3d at 1332. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Smithers v. Wynne*, 319 F. App'x 755, 756-57 (11th Cir. 2008) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)) (bracketed alteration in *Smithers*).

Here, plaintiff alleges discrimination in that she "was removed from being the hospital cashier and that position was given to a white clerk,"[28] but she made no such

---

[27] Doc. no. 14, at 1.
[28] Doc. no. 1, at 4.

assertion in her EEOC charge.[29]  As with the motion to dismiss the individual defendants, plaintiff concedes that defendants' motion to dismiss the discrimination claim based on her alleged removal from a cashier position is due to be granted.[30]

### III.  ORDERS

Defendants' motion to quash is GRANTED.  Myrick, Davis, and Lee need not comply with the document production portions of the subpoenas served upon them.  Defendants' motion to dismiss is GRANTED.  All of plaintiff's claims against defendants Myrick, Davis, Lee, are DISMISSED with prejudice.

DONE and ORDERED this 16th day of November, 2011.

_____
United States District Judge

---

[29] *See id.* at 9.
[30] Doc. no. 14, at 2.

9